The SOUTHLAND CORPORATION
and 7–11 Beverage Company,
Inc., Petitioners,

v.

Dori Sue LEWIS, individually and a/n/f of Ashley Nichole Bashwiner and Darla Lynn Bashwiner, minor children, Respondents.

No. 96–0478.

Supreme Court of Texas.

Feb. 28, 1997.

Alan B. Daughtry, J. Mark Penley, Dallas, for Petitioners.

B. Buzz Deitchmann, Dallas, for Respondents.

PER CURIAM.

The issue in this case is whether a commercial provider of alcoholic beverages can be liable for injuries allegedly caused by an intoxicated driver when the provider sold alcohol to a passenger in the vehicle and the driver did not purchase or consume any of the alcohol. We hold the provider cannot be liable under these circumstances.

Dori Sue Lewis was injured in an automobile collision with a truck driven by twenty-one-year-old Reed Bulaich. Prior to the accident, Bulaich had been drinking at a private party and then at a local bar. Upon leaving the bar, Bulaich drove some friends to a 7–Eleven convenience store. Twenty-five-year-old Chris Ernemann, a passenger in Bulaich's truck, went inside the store and purchased beer. Bulaich himself did not enter the store or purchase any alcohol. Ernemann returned with the beer, but Bulaich did not consume any of the beer Ernemann had purchased from the store. Shortly after Bulaich and his friends left the convenience store to return to the private party, Bulaich's truck collided with Lewis' vehicle.

Lewis brought suit against 7–11 Beverage Company, Inc., its parent corporation The Southland Corporation,[1] and the bar,[2] alleging that the defendants violated chapter 2 of the Texas Alcoholic Beverage Code and that the defendants were negligent and negligent per se in providing alcohol to Bulaich and Ernemann. 7–Eleven moved for summary judgment on the grounds that no alleged act or omission of 7–Eleven proximately caused any of Lewis' damages and that the exclusive remedy provision of chapter 2 precluded

Lewis' negligence and negligence per se claims. The trial court granted a final summary judgment in favor of 7–Eleven on all claims without stating grounds. The court of appeals reversed and remanded the trial court's summary judgment. We reverse the judgment of the court of appeals and render judgment in favor of 7–Eleven.

■ Lewis' negligence and negligence per se claims are clearly barred by the exclusive remedy provision of chapter 2 of the Texas Alcoholic Beverage Code. Section 2.03 of the Code states that chapter 2 "provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." TEX. ALCO. BEV.CODE § 2.03. Liability under chapter 2 "is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages." *Id.* Therefore, section 2.03 expressly precludes a negligence or negligence per se cause of action against a provider of alcohol when the purchaser is at least eighteen years of age. *See Smith v. Merritt,* 940 S.W.2d 602 (Tex.1997); *see also Fuller v. Maxus Energy Corp.,* 841 S.W.2d 881, 884 (Tex.App.—Waco 1992, no writ); *Boyd v. Fuel Distribs., Inc.,* 795 S.W.2d 266, 273 (Tex.App.—Austin 1990, writ denied). Because 7–Eleven is a provider of alcohol, as defined in section 2.01,[3] and because both Ernemann and Bulaich were over eighteen years of age, summary judgment is proper in favor of 7–Eleven on Lewis' negligence and negligence per se claims.

■ 7–Eleven also established its entitlement to summary judgment on Lewis' claim under chapter 2 of the Texas Alcoholic Beverage Code. In order to hold a provider of alcoholic beverages liable under chapter 2, a plaintiff must prove: 1) at the time that the provider sold or served the alcohol it was

---

1. 7–11 Beverage Company, Inc. and The Southland Corporation will be collectively referred to as "7–Eleven" throughout the remainder of this opinion.

2. The bar did not file an application for writ of error with this Court after the court of appeals reversed and remanded the summary judgment rendered in the bar's favor by the trial court on limitations grounds. Accordingly, Lewis' claims

against the bar are still pending before the trial court.

3. Section 2.01 defines "provider" as a "person who sells or serves an alcoholic beverage under authority of a license or permit issued under the terms of this code or who otherwise sells an alcoholic beverage to an individual." TEX. ALCO. BEV.CODE § 2.01.

apparent to the provider that the recipient was obviously intoxicated to the extent that he presented a clear danger to himself and others; and 2) that the intoxication of that individual proximately caused the damages suffered. TEX. ALCO. BEV.CODE § 2.02(b). Accordingly, in order to sustain her claim, Lewis must first show that 7–Eleven actually provided alcohol to an obviously intoxicated Bulaich. Second, Lewis must show that Bulaich's intoxication was the proximate cause of her injuries.

■ 7–Eleven conclusively negated the elements of Lewis' chapter 2 claim with its summary judgment evidence. The evidence consisted of Bulaich's affidavit and deposition testimony, as well as deposition testimony from two passengers in Bulaich's truck, Chris Ernemann and Renee McIntosh. 7–Eleven's evidence established that Bulaich did not enter the 7–Eleven on the evening of the accident, did not purchase or ask anyone to purchase any alcohol from 7–Eleven, and did not consume any alcohol between the time he stopped at the store and the time of the accident. Further, the evidence established that Ernemann was the only person who purchased alcohol from 7–Eleven.

In response to 7–Eleven's motion for summary judgment, Lewis relied on an affidavit of a private investigator hired by her attorney and excerpts from Ernemann's deposition. However, even after extensive depositions of key witnesses, a motion for continuance, and multiple filings in response to the motion for summary judgment, Lewis failed to provide any controverting evidence sufficient to raise a fact issue. The affidavit of the investigator, Ron Long, was based on an interview with Bulaich almost a year after the accident occurred. Based on notes from that interview, Mr. Long claimed that "[a]fter leaving [the bar], Mr. Bulaich was driving and Mr. Ernemann was a passenger in his vehicle. They stopped at a 7–11 store and Mr. Ernemann and Mr. Bulaich purchased beer." However, Mr. Long's affidavit, which was based solely on his notes from the interview, is clearly inadmissible hearsay which was properly objected to by 7–Eleven. Accordingly, it is not competent summary judgment proof.

Lewis also relies on a statement in Ernemann's deposition that he stopped at the 7–Eleven prior to the accident.[4] This evidence, however, does not raise a fact issue as to whether Bulaich ever entered the store, purchased any beer, or consumed any alcohol from the 7–Eleven. Even when taken in light most favorable to the non-movant, *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985), Lewis has not provided any reliable, admissible evidence controverting 7–Eleven's summary judgment evidence.

■ Moreover, Lewis cannot establish proximate cause through the sale of alcohol to Ernemann. Chapter 2 imposes liability only when a provider serves alcohol to an obviously intoxicated individual, and the intoxication of that individual proximately causes harm. TEX. ALCO. BEV.CODE § 2.02. Under this standard, the sale of alcohol to a passenger cannot be the cause in fact of an accident unless the passenger caused the accident by interfering with the operation of the car. *See Boyd*, 795 S.W.2d at 272 (intoxication of a passenger who purchased alcohol was not a cause in fact of an automobile accident where the passenger did not interfere with the operation of the car). Here, there is no evidence that Ernemann interfered with Bulaich's driving. As such, Lewis cannot establish proximate cause through 7–Eleven's sale of alcohol to Ernemann.

Accordingly, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, this Court, without hearing oral argument, re-

---

4. Ernemann testified as follows:

Q: Did you all get back in the truck when you left [the bar]?
A: Uh-huh, yes, sir.
Q: And who was driving at that time?
A: Reed [Bulaich].

.      .      .      .      .

Q: Did you stop anyplace first [before going back to the private party]?

A: I think 7–Eleven.
Q: 7–Eleven. And what happened at 7–Eleven?
A: I think—I got a 12 pack, but I don't know if anyone else did anything.

This is the extent of Ernemann's testimony regarding the stop at the 7–Eleven. He later testified that, to his knowledge, he did not give any of the beer from 7–Eleven to Bulaich.

verses the judgment of the court of appeals and renders judgment in favor of 7–Eleven that Lewis take nothing.