COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-038-CV

 

 

JAMES R. WINN, M.D.                                                         APPELLANT

 

                                                   V.

 

SPECTRUM PRIMARY CARE, INC.                                             APPELLEE

 

                                              ------------

 

            FROM THE 393RD
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant James R. Winn, M.D. appeals the summary
judgment granted in favor of Appellee Spectrum Primary Care, Inc. and the
denial of his own motion for summary judgment. 
In four issues, Appellant argues that the trial court erred by granting
summary judgment for Appellee, by denying summary judgment for him, by failing
and refusing to rule on his objections to Appellee=s
summary judgment evidence, and by failing to sustain his objections to, and
failing to exclude, Appellee=s
summary judgment evidence.  Because we
hold that the trial court did not err by granting summary judgment for Appellee
on Appellant=s bonus claim and that the trial
court did err by granting summary judgment on Appellant=s
termination compensation claim, we affirm in part and reverse and remand in
part.

Facts and Procedural History








Appellant is a physician licensed in the state of
Texas.  Appellee provides primary care
services as a subcontractor at the primary care clinic at the Denton V.A.
Clinic in Denton, Texas (Athe Clinic@).  Appellant and Appellee entered into an
employment agreement on August 20, 2004 (the AAgreement@).  The Agreement provided for a one-year term of
employment, from September 1, 2004, to August 31, 2005, with an automatic
renewal for successive one-year terms after the end of the initial employment
term.  The Agreement further provided
that either party could terminate the Agreement at any time, for any or no
reason, on ninety days= prior written notice to the
other party.  The Agreement allowed
Appellee to terminate the Agreement immediately upon the occurrence of certain
conditions.  Paragraph 7D of the Agreement
listed one of those conditions as Athe
inability or failure of [Appellant] to obtain or retain approval from Clinic,
prime contractor, and V.A. to provide services at Clinic.@  Health Net is the prime contractor for the
Clinic.

On August 19, 2005, Appellee gave Appellant
ninety days= notice of termination, to be
effective November 20, 2005.  But then on
September 21, 2005, Appellee terminated Appellant=s
employment effective immediately under paragraph 7D of the Agreement after Dan
Carlson, Health Net=s Director of Veterans AffairsCCommunication
Based Outplacement Clinic, requested that Appellee remove Appellant from the
clinic.

Appellant brought suit to recover the salary for
the remaining portion of the ninety-day notice period between September 21 and
November 20 (Atermination compensation@).  He also sought to recover a $4,000 completion
bonus that, under the Agreement, was to be paid if Appellant completed twelve
months of full-time service.  The
Agreement stated that Appellant would be entitled to the completion bonus Aprovided
that this Agreement and full-time employment service hereunder remains in full
force and effect without termination, reduction or notice thereof by either
party for any or no reason through such 12-month period.@








Both parties moved for summary judgment.  Appellant objected to the affidavit of Sharon
Krejci, vice president of Appellee, which was the only summary judgment
evidence Appellee included with its motion. 
The trial court notified the parties that Appellee=s motion
was granted and that Appellant=s motion
was denied, but the court did not inform the parties of its ruling on Appellant=s
objections.  Appellant filed a motion
requesting the trial court to rule on his objections and objecting to the court=s
failure to rule.  The trial court
subsequently entered its order granting summary judgment for Appellee and
denying summary judgment for Appellant. 
The trial court did not issue a separate order ruling on Appellant=s
objections but stated in the order that Aall
relief requested by any party that is not expressly granted or denied herein is
hereby denied.@

Standard of Review








A plaintiff is entitled to summary judgment on a
cause of action if it conclusively proves all essential elements of the claim.[2]
 A defendant who conclusively negates at
least one essential element of a cause of action is entitled to summary
judgment on that claim.[3]  We review a trial court=s
summary judgment de novo,[4]
and A[o]n
appeal, the movant still bears the burden of showing that there is no genuine
issue of material fact and that the movant is entitled to judgment as a matter
of law.@[5]  When both parties move for summary judgment
and the trial court grants one motion and denies the other, the reviewing court
should review both parties= summary
judgment evidence and determine all questions presented.[6]  The reviewing court should render the
judgment that the trial court should have rendered.[7]

Analysis

Because Appellant=s
objections to Krejci=s affidavit affect our
determination of whether Appellee met its summary judgment burden, we consider
Appellant=s third and fourth issues
first.  In his third issue, Appellant
states that the trial court erred by failing and refusing to rule on Appellant=s
objections to Krejci=s affidavit.








A trial court=s ruling
on a party=s objections may be either
express or implied.[8]  After Appellant filed a motion requesting the
trial court to rule on his objections and objecting to the court=s
failure to rule, the trial court entered its order granting summary judgment
for Appellee and stating that Aall
relief requested by any party that is not expressly granted or denied herein is
hereby denied.@ 
Because Krejci=s affidavit was specifically and
extensively objected to in Appellant=s
written objections and Appellant filed a written motion requesting the trial
court to rule on his objections and objecting to the court=s
failure to rule, the court was aware of Appellant=s
objections.[9]  By subsequently stating in its order that it
denied any requested relief not expressly granted or denied, it implicitly
overruled Appellant=s objections.[10]  We therefore overrule this issue.








In his fourth issue, Appellant contends that the
trial court erred by admitting Krejci=s
affidavit into evidence.  Appellant
objected to three statements in Krejci=s
affidavit: (1) AOn September 15, 2005, Dan
Carlson, Director of Veteran AffairsBCommunity
Based Outpatient Clinics with Health Net, informed Spectrum that Health Net no
longer approved of Dr. Winn providing services at the Clinic@; (2) AIt was
my understanding that Mr. Carlson was authorized to speak on behalf of Health
Net, the prime contractor at the Clinic@; and
(3) ABased on
this communication by Health Net indicating Dr. Winn no longer had the approval
of the prime contractor to provide services at the Clinic, I wrote a letter to
Dr. Winn on September 21, 2005, notifying him that the Agreement was
immediately terminated.@








We first consider Appellant=s
objection to Krejci=s statement that she understood
Carlson was authorized to speak on behalf of Health Net.  Appellant objected that the statement is not
clear, direct, positive, and unequivocal as required by Texas Rule of Civil
Procedure 166a and that the statement either constitutes inadmissible hearsay
or is based on inadmissible speculation.        The
statement is not based on inadmissible speculation, and the case cited by
Appellant[11]
is distinguishable.  In Ryland Group,
the affiant=s Aunderstanding@ was not
based upon personal knowledge, or at least, the affidavit gave no indication of
the basis of the affiant=s understanding.[12]  In this case, Krejci states in her affidavit
that her job duties include oversight of personnel matters and oversight of
Appellee=s
relationships with its prime contractors, including Health Net.  It is therefore Krejci=s job to
work with Health Net on personnel matters; Appellant=s
employment is undeniably a personnel matter. 
Her Aunderstanding,@ then,
comes from personal experience gained in the course of her employment, based
upon a working relationship with Health Net and other contractors.  Because in this case, her statement was based
on personal knowledge and experiences gained from her job with Appellee, the
statement is not based on inadmissible speculation.[13]

Nor is the statement hearsay, because Krejci is
not repeating an out-of-court statement of another; she is giving a statement
as to her own belief based on her personal knowledge gained from her duties
with Appellee.[14]  As for Appellant=s
objection that her statement is not clear, direct, and unequivocal, he does not
argue in what way her statement is not clear, direct, and unequivocal, and we
disagree with his contention.  We
overrule Appellant=s arguments with respect to this
statement.








We next consider Appellant=s
objections to Krejci=s statement repeating Carlson=s assertion
that Health Net did not approve of Appellant=s
employment.  He made several objections
to this statement.  He first contended
that this statement constitutes hearsay and probably hearsay within hearsay in
that Ait
purports to repeat a statement, (other than one made by Krejci made by a third
party) attempting to prove the truth of the matter asserted.@  He further argued that her affidavit states
that Carlson=s statement was made to
Appellee, rather than directly to Krejci, thus further constituting hearsay
within hearsay.  Finally, he objects that
Athe
purported statement made by [Carlson] were [sic] based upon communications she >understood= that he
had with [Health Net],@ and the repetition by Carlson of
Health Net=s statement, repeated to
Appellee and then to Krejci, constitutes triple hearsay.

Krejci does not aver in her affidavit that
Carlson=s
statement was based upon communication that she understood that he had with
someone else at Health Net.  No such
statement appears in her affidavit.  What
she did say was that her understanding is that when Carlson made a
representation, he spoke on behalf of Health Net, which is different from a
statement that she understood Carlson to be repeating someone else=s
words.  Accordingly, we overrule
Appellant=s argument that this statement
constitutes triple hearsay.








We agree with Appellant, however, that Carlson=s
statement constitutes hearsay.  The fact
to be established here was that Health Net did not approve of Appellant=s employment.  The statement of Carlson was offered to prove
that fact.[15]  Because this statement contains hearsay, the
trial court erred by not excluding this statement, and we will not consider it
in our review.[16]








Finally, we consider Appellant=s
objection on hearsay grounds to Krejci=s
statement that, based on Carlson=s
statement, she notified Appellant that his employment was terminated
immediately.  Appellant argued to the
trial court and maintains on appeal that this statement constitutes hearsay
because it Apurports to repeat a statement,
other than one made by [Krejci] made by a third party attempting to prove the
truth of the matter asserted in the statement.@  Appellant is correct that the portion of the
sentence Aindicating Dr. Winn no longer
had the approval of the prime contractor to provide services at the Clinic@ is
hearsay.  The rest of the statement is
not hearsay; Krejci tells what action she took and states that the action was
based on a statement made by another.[17]  Thus, we hold that the trial court erred by
not excluding the hearsay portion of this statement but did not err by
excluding the rest of the statement. 
Because we have held that Krejci=s
affidavit included statements constituting inadmissible hearsay, we sustain in
part Appellant=s fourth issue and hold that the
trial court erred by failing to exclude those statements.

We now turn to Appellant=s
arguments regarding the parties= summary
judgment motions.  In his first issue,
Appellant argues that the trial court erred by granting summary judgment for
Appellee.

We consider first his arguments with respect to
the compensation bonus. Under the Agreement, Appellant was entitled to receive
the bonus for his employment during the first twelve months Aprovided
that [the] Agreement . . . remains in full force and effect
without termination . . . or notice thereof . . . through
such 12-month period.@ 
[Emphasis added]  








Appellant acknowledges that he received notice of
termination during the twelve-month period. 
Appellant argues, however, that the Agreement does not provide that
receiving notice of termination during a twelve-month period results in his not
being entitled to the bonus for that period. 
In his view the provision requiring no notice of termination relates not
to the time period during which the notice is given, but rather to the
employment term to which the notice refers.  That is, a court should not look to see if
notice was given during the twelve-month employment term for which the
bonus would be payable.  Instead, the
court should look to see if notice was given early enough such that Appellant=s
employment ended before the end of that particular twelve-month employment
term.  Because the ninety-day notice came
so late into the first twelve-month term that by working those ninety-days
Appellant remained at the Clinic for twelve months and continued working into a
second twelve-month period, Appellant argues that he was entitled to the bonus
based on his working the full twelve months of the first term.








We disagree. 
The plain language of the Agreement states that for Appellant to receive
the bonus, the Agreement had to remain in effect through the twelve-month term
without termination and without notice of termination.  Appellant received notice of his termination
before the end of the twelve-month term, and thus the Agreement did not remain
in effect without notice of termination through the twelve-month term.  Accordingly, we hold that under the Agreement,
Appellant was not entitled to the bonus, and the trial court did not err by
granting summary judgment for Appellee on this claim.

Appellant further argues that the trial court
erred by granting summary judgment for Appellee on his claim for termination
compensation.  We agree that without the
hearsay statements in Krejci=s
affidavit, Appellee did not establish that it terminated Appellant for cause.[18]  Appellee therefore did not establish that it
was entitled to summary judgment as a matter of law on this issue.  We sustain Appellant=s first
issue as to the termination compensation.

In Appellant=s second
issue, Appellant argues that the trial court erred by denying his motion for
summary judgment.  Appellant argues that
he was entitled to judgment under Texas Rule of Civil Procedure 54 because he
specifically pleaded that all conditions precedent to recovery were performed
or had occurred.








If a contract contains conditions precedent, a
plaintiff seeking recovery for breach of that contract must prove satisfaction
of the conditions precedent.[19]  If a plaintiff pleads generally that all
conditions precedent have been met, then at trial the plaintiff must establish
satisfaction of only those conditions specifically denied by the defendant.[20]








Appellant contends that Appellee did not
specifically deny noncompliance with conditions precedent to his recovery, and
therefore he was entitled to judgment. 
But resolution of both of Appellant=s claims
for damagesCthe compensation bonus and the
termination compensationCdepended on interpretation of
the contract language and on the date of his termination notice.  Both parties submitted evidence relevant to
the determination of when notice was given and what effect the notice had on
Appellee's obligations under the contract, and Appellant did not object to the
introduction of Appellee=s evidence on the ground that it
was not supported by Appellee=s
answer.[21]  And Appellant admits in his reply brief that
Appellee had the right to introduce evidence to show that conditions precedent
had not been met.  Appellee introduced
evidence that termination notice was given and when that notice was given.  Thus, Appellee=s
failure to specifically deny Appellee=s
satisfaction of conditions precedent did not establish Appellant=s right
to judgment.[22]  We therefore reject Appellant=s
arguments with respect to conditions precedent to recovery under the contract.

Appellant also argues that he provided competent
summary judgment evidence showing that he retained approval to provide services
at the clinic.  In the affidavit attached
to Appellant=s motion for summary judgment,
he specifically avers that he did not fail to retain the approval of the
clinic, Appellee, or the Veterans=
Administration but says nothing about whether he failed to retain Health Net=s
approval.  The only other evidence
Appellant offered consisted of a copy of the Agreement; a copy of the
termination letter from August 19, 2005; a copy of the termination letter of
September 21, 2005; and an affidavit of his attorney as to the amount of
attorney=s
fees.  Because he did not introduce any
evidence as to whether he retained Health Net=s
approval, he has not established as a matter of law that he was not terminated
for cause.  The trial court therefore did
not err by not granting summary judgment for Appellant.  We overrule Appellant=s second
issue.








We do not reach Appellant=s
argument that if this court reverses the trial court=s
judgment and renders summary judgment in favor of Appellant, then he is
entitled to attorney=s fees.[23]

Conclusion

Having sustained Appellant=s first
and fourth issues in part, we reverse the trial court=s
judgment as to the termination compensation and remand that claim for further
proceedings.  We affirm the remainder of
the trial court=s judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

LIVINGSTON, J. concurs without opinion.

WALKER, J. dissents without opinion.

DELIVERED:  April 24, 2008











[1]See Tex. R. App. P.
47.4.





[2]See Tex. R. Civ. P. 166a(a), (c); MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[3]IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v.
Mason, 143 S.W.3d 794, 798
(Tex. 2004); see Tex. R. Civ. P. 166a(b), (c).





[4]Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).





[5]Rhone‑Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).





[6]Valence Operating Co. v.
Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).





[7]Id.





[8]Frazier v. Yu, 987 S.W.2d 607, 610
(Tex. App.CFort Worth 1999, pet.
denied).





[9]See id. (ABecause the affidavits
were specifically and extensively objected to in Yu's written objections and
motion to strike the affidavits, the court was aware of their existence.@).





[10]See id.; see also Blum
v. Julian, 977 S.W.2d 819, 823‑24 (Tex. App.CFort Worth 1998, no pet.)
(holding that the fact that the trial court granted the appellee's motion for
summary judgment created an inference that it implicitly reviewed and overruled
the appellant's objections).





[11]See Ryland Group, Inc. v. Hood, 924 S.W.2d 120 (Tex. 1996).





[12]See id. at
122.





[13]See Am. Heritage
Apartments,
Inc. v. Bowie County Appraisal Dist., 196 S.W.3d 850, 854 (Tex. App.CTexarkana 2006, pet.
denied) (stating that affidavits supporting motions for summary judgment must
be based on personal knowledge); 1001 McKinney Ltd. v. Credit Suisse First
Boston Mortgage Capital, 192 S.W.3d 20, 27 (Tex. App.CHouston [14th Dist.]
2005, pet. denied) (holding that affiant established that he had personal
knowledge, resulting from his employment, of the matters asserted in his
affidavit).





[14]See Tex. R. Evid.
801(d) (A>Hearsay= is a statement, other
than one made by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter asserted.@).





[15]See id.





[16]See Southland Corp. v. Lewis, 940 S.W.2d 83, 85 (Tex.
1997) (holding that a private investigator=s affidavit that was based solely on his notes
from interviews was Aclearly inadmissible
hearsay@ that was properly
objected to and therefore was not competent summary judgment proof); Souder
v. Cannon, 235 S.W.3d 841, 851 (Tex. App.CFort Worth 2007, no pet.)
(holding that the appellants= hearsay objection to a statement in an affidavit
should have been sustained and that this court would therefore not consider the
statement in our review).





[17]See Williams v. Jennings, 755 S.W.2d 874, 885
(Tex. App.CHouston [14th Dist.]
1988, writ denied) (AMany out‑of‑court
statements do not constitute hearsay. 
The fact that the words were uttered is sometimes the fact to be
established.  Such testimony is received
because the mere utterance of the words has legal significance.@).





[18]See Southland Corp., 940 S.W.2d at 85; Souder,
235 S.W.3d at 851.





[19]Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 283 (Tex. 1998) (AA party
seeking to recover under a contract bears the burden of proving that all
conditions precedent have been satisfied.@); see also Grimm v. Grimm, 864 S.W.2d 160,
161-62 (Tex. App.CHouston [14th Dist.] 1993, no writ).





[20]Grimm, 864
S.W.2d at 161-62 (AIf a plaintiff pleads generally the performance or
occurrence of conditions precedent, the plaintiff need only prove performance
of those conditions specifically denied by the defendant.@).





[21]See Tex. R. App. P. 33.1(a).





[22]See Broesche v. Jacobson, 218 S.W.3d 267, 279
(Tex. App.CHouston [14th Dist.]
2007, pet. denied) (AAlthough proof of
performance of any conditions precedent is an essential element of a plaintiff=s case, such proof does
not relieve the plaintiff of the burden of proving the other elements of the
claim.@).





[23]See Tex. R. App. P.
47.1.