

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-038-CV

JAMES R. WINN, M.D.                                           APPELLANT

V.

SPECTRUM PRIMARY CARE, INC.                                  APPELLEE

------------

### FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant James R. Winn, M.D. appeals the summary judgment granted in favor of Appellee Spectrum Primary Care, Inc. and the denial of his own motion for summary judgment. In four issues, Appellant argues that the trial court erred by granting summary judgment for Appellee, by denying summary judgment for him, by failing and refusing to rule on his objections to Appellee's

---

[1]  *See* TEX. R. APP. P. 47.4.

summary judgment evidence, and by failing to sustain his objections to, and failing to exclude, Appellee's summary judgment evidence. Because we hold that the trial court did not err by granting summary judgment for Appellee on Appellant's bonus claim and that the trial court did err by granting summary judgment on Appellant's termination compensation claim, we affirm in part and reverse and remand in part.

## FACTS AND PROCEDURAL HISTORY

Appellant is a physician licensed in the state of Texas. Appellee provides primary care services as a subcontractor at the primary care clinic at the Denton V.A. Clinic in Denton, Texas ("the Clinic"). Appellant and Appellee entered into an employment agreement on August 20, 2004 (the "Agreement"). The Agreement provided for a one-year term of employment, from September 1, 2004, to August 31, 2005, with an automatic renewal for successive one-year terms after the end of the initial employment term. The Agreement further provided that either party could terminate the Agreement at any time, for any or no reason, on ninety days' prior written notice to the other party. The Agreement allowed Appellee to terminate the Agreement immediately upon the occurrence of certain conditions. Paragraph 7D of the Agreement listed one of those conditions as "the inability or failure of [Appellant] to obtain or retain

2

approval from Clinic, prime contractor, and V.A. to provide services at Clinic." Health Net is the prime contractor for the Clinic.

On August 19, 2005, Appellee gave Appellant ninety days' notice of termination, to be effective November 20, 2005. But then on September 21, 2005, Appellee terminated Appellant's employment effective immediately under paragraph 7D of the Agreement after Dan Carlson, Health Net's Director of Veterans Affairs—Communication Based Outplacement Clinic, requested that Appellee remove Appellant from the clinic.

Appellant brought suit to recover the salary for the remaining portion of the ninety-day notice period between September 21 and November 20 ("termination compensation"). He also sought to recover a $4,000 completion bonus that, under the Agreement, was to be paid if Appellant completed twelve months of full-time service. The Agreement stated that Appellant would be entitled to the completion bonus "provided that this Agreement and full-time employment service hereunder remains in full force and effect without termination, reduction or notice thereof by either party for any or no reason through such 12-month period."

Both parties moved for summary judgment. Appellant objected to the affidavit of Sharon Krejci, vice president of Appellee, which was the only summary judgment evidence Appellee included with its motion. The trial court

3

notified the parties that Appellee's motion was granted and that Appellant's motion was denied, but the court did not inform the parties of its ruling on Appellant's objections.  Appellant filed a motion requesting the trial court to rule on his objections and objecting to the court's failure to rule.  The trial court subsequently entered its order granting summary judgment for Appellee and denying summary judgment for Appellant.  The trial court did not issue a separate order ruling on Appellant's objections but stated in the order that "all relief requested by any party that is not expressly granted or denied herein is hereby denied."

## STANDARD OF REVIEW

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim.[2]  A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.[3]  We review a trial court's summary judgment de novo,[4] and "[o]n appeal, the movant still bears the

---

[2] *See* TEX. R. CIV. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

[3] *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see* TEX. R. CIV. P. 166a(b), (c).

[4] *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

4

burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."[5]  When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented.[6]  The reviewing court should render the judgment that the trial court should have rendered.[7]

## ANALYSIS

Because Appellant's objections to Krejci's affidavit affect our determination of whether Appellee met its summary judgment burden, we consider Appellant's third and fourth issues first.  In his third issue, Appellant states that the trial court erred by failing and refusing to rule on Appellant's objections to Krejci's affidavit.

A trial court's ruling on a party's objections may be either express or implied.[8]  After Appellant filed a motion requesting the trial court to rule on his objections and objecting to the court's failure to rule, the trial court entered its

---

[5] *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

[6] *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

[7] *Id*.

[8] *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied).

5

order granting summary judgment for Appellee and stating that "all relief requested by any party that is not expressly granted or denied herein is hereby denied." Because Krejci's affidavit was specifically and extensively objected to in Appellant's written objections and Appellant filed a written motion requesting the trial court to rule on his objections and objecting to the court's failure to rule, the court was aware of Appellant's objections.[9] By subsequently stating in its order that it denied any requested relief not expressly granted or denied, it implicitly overruled Appellant's objections.[10] We therefore overrule this issue.

In his fourth issue, Appellant contends that the trial court erred by admitting Krejci's affidavit into evidence. Appellant objected to three statements in Krejci's affidavit: (1) "On September 15, 2005, Dan Carlson, Director of Veteran Affairs–Community Based Outpatient Clinics with Health Net, informed Spectrum that Health Net no longer approved of Dr. Winn providing services at the Clinic"; (2) "It was my understanding that Mr. Carlson was authorized to speak on behalf of Health Net, the prime contractor at the

---

[9] *See id.* ("Because the affidavits were specifically and extensively objected to in Yu's written objections and motion to strike the affidavits, the court was aware of their existence.").

[10] *See id.*; *see also Blum v. Julian*, 977 S.W.2d 819, 823-24 (Tex. App.—Fort Worth 1998, no pet.) (holding that the fact that the trial court granted the appellee's motion for summary judgment created an inference that it implicitly reviewed and overruled the appellant's objections).

Clinic"; and (3) "Based on this communication by Health Net indicating Dr. Winn no longer had the approval of the prime contractor to provide services at the Clinic, I wrote a letter to Dr. Winn on September 21, 2005, notifying him that the Agreement was immediately terminated."

We first consider Appellant's objection to Krejci's statement that she understood Carlson was authorized to speak on behalf of Health Net. Appellant objected that the statement is not clear, direct, positive, and unequivocal as required by Texas Rule of Civil Procedure 166a and that the statement either constitutes inadmissible hearsay or is based on inadmissible speculation.

The statement is not based on inadmissible speculation, and the case cited by Appellant[11] is distinguishable. In *Ryland Group*, the affiant's "understanding" was not based upon personal knowledge, or at least, the affidavit gave no indication of the basis of the affiant's understanding.[12] In this case, Krejci states in her affidavit that her job duties include oversight of personnel matters and oversight of Appellee's relationships with its prime contractors, including Health Net. It is therefore Krejci's job to work with Health Net on personnel matters; Appellant's employment is undeniably a

---

[11] *See Ryland Group*, *Inc. v. Hood*, 924 S.W.2d 120 (Tex. 1996).

[12] *See id*. at 122.

personnel matter. Her "understanding," then, comes from personal experience gained in the course of her employment, based upon a working relationship with Health Net and other contractors. Because in this case, her statement was based on personal knowledge and experiences gained from her job with Appellee, the statement is not based on inadmissible speculation.[13]

Nor is the statement hearsay, because Krejci is not repeating an out-of-court statement of another; she is giving a statement as to her own belief based on her personal knowledge gained from her duties with Appellee.[14] As for Appellant's objection that her statement is not clear, direct, and unequivocal, he does not argue in what way her statement is not clear, direct, and unequivocal, and we disagree with his contention. We overrule Appellant's arguments with respect to this statement.

_____

[13] *See Am. Heritage Apartments*, *Inc. v. Bowie County Appraisal Dist.*, 196 S.W.3d 850, 854 (Tex. App.—Texarkana 2006, pet. denied) (stating that affidavits supporting motions for summary judgment must be based on personal knowledge); *1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that affiant established that he had personal knowledge, resulting from his employment, of the matters asserted in his affidavit).

[14] *See* TEX. R. EVID. 801(d) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

We next consider Appellant's objections to Krejci's statement repeating Carlson's assertion that Health Net did not approve of Appellant's employment. He made several objections to this statement. He first contended that this statement constitutes hearsay and probably hearsay within hearsay in that "it purports to repeat a statement, (other than one made by Krejci made by a third party) attempting to prove the truth of the matter asserted." He further argued that her affidavit states that Carlson's statement was made to Appellee, rather than directly to Krejci, thus further constituting hearsay within hearsay. Finally, he objects that "the purported statement made by [Carlson] were [sic] based upon communications she 'understood' that he had with [Health Net]," and the repetition by Carlson of Health Net's statement, repeated to Appellee and then to Krejci, constitutes triple hearsay.

Krejci does not aver in her affidavit that Carlson's statement was based upon communication that she understood that he had with someone else at Health Net. No such statement appears in her affidavit. What she did say was that her understanding is that when Carlson made a representation, he spoke on behalf of Health Net, which is different from a statement that she understood Carlson to be repeating someone else's words. Accordingly, we overrule Appellant's argument that this statement constitutes triple hearsay.

9

We agree with Appellant, however, that Carlson's statement constitutes hearsay. The fact to be established here was that Health Net did not approve of Appellant's employment. The statement of Carlson was offered to prove that fact.[15] Because this statement contains hearsay, the trial court erred by not excluding this statement, and we will not consider it in our review.[16]

Finally, we consider Appellant's objection on hearsay grounds to Krejci's statement that, based on Carlson's statement, she notified Appellant that his employment was terminated immediately. Appellant argued to the trial court and maintains on appeal that this statement constitutes hearsay because it "purports to repeat a statement, other than one made by [Krejci] made by a third party attempting to prove the truth of the matter asserted in the statement." Appellant is correct that the portion of the sentence "indicating Dr. Winn no longer had the approval of the prime contractor to provide services at the Clinic" is hearsay. The rest of the statement is not hearsay; Krejci tells what action she

---

[15] *See id.*

[16] *See Southland Corp. v. Lewis*, 940 S.W.2d 83, 85 (Tex. 1997) (holding that a private investigator's affidavit that was based solely on his notes from interviews was "clearly inadmissible hearsay" that was properly objected to and therefore was not competent summary judgment proof); *Souder v. Cannon*, 235 S.W.3d 841, 851 (Tex. App.—Fort Worth 2007, no pet.) (holding that the appellants' hearsay objection to a statement in an affidavit should have been sustained and that this court would therefore not consider the statement in our review).

took and states that the action was based on a statement made by another.[17]

Thus, we hold that the trial court erred by not excluding the hearsay portion of this statement but did not err by excluding the rest of the statement.  Because we have held that Krejci's affidavit included statements constituting inadmissible hearsay, we sustain in part Appellant's fourth issue and hold that the trial court erred by failing to exclude those statements.

We now turn to Appellant's arguments regarding the parties' summary judgment motions.  In his first issue, Appellant argues that the trial court erred by granting summary judgment for Appellee.

We consider first his arguments with respect to the compensation bonus. Under the Agreement, Appellant was entitled to receive the bonus for his employment during the first twelve months "provided that [the] Agreement . . . remains in full force and effect without termination . . . or notice thereof . . . *through* such 12-month period."  [Emphasis added]

Appellant acknowledges that he received notice of termination during the twelve-month period.  Appellant argues, however, that the Agreement does not

---

[17] *See Williams v. Jennings*, 755 S.W.2d 874, 885 (Tex. App.—Houston [14th Dist.] 1988, writ denied) ("Many out-of-court statements do not constitute hearsay.  The fact that the words were uttered is sometimes the fact to be established.  Such testimony is received because the mere utterance of the words has legal significance.").

provide that receiving notice of termination during a twelve-month period results in his not being entitled to the bonus for that period. In his view the provision requiring no notice of termination relates not to the time period during which the notice is given, but rather to the employment term to which the notice refers. That is, a court should not look to see if notice was given *during* the twelve-month employment term for which the bonus would be payable. Instead, the court should look to see if notice was given early enough such that Appellant's employment ended before the end of that particular twelve-month employment term. Because the ninety-day notice came so late into the first twelve-month term that by working those ninety-days Appellant remained at the Clinic for twelve months and continued working into a second twelve-month period, Appellant argues that he was entitled to the bonus based on his working the full twelve months of the first term.

We disagree. The plain language of the Agreement states that for Appellant to receive the bonus, the Agreement had to remain in effect through the twelve-month term without termination and without *notice of* termination. Appellant received notice of his termination before the end of the twelve-month term, and thus the Agreement did not remain in effect without notice of termination through the twelve-month term. Accordingly, we hold that under

12

the Agreement, Appellant was not entitled to the bonus, and the trial court did not err by granting summary judgment for Appellee on this claim.

Appellant further argues that the trial court erred by granting summary judgment for Appellee on his claim for termination compensation. We agree that without the hearsay statements in Krejci's affidavit, Appellee did not establish that it terminated Appellant for cause.[18] Appellee therefore did not establish that it was entitled to summary judgment as a matter of law on this issue. We sustain Appellant's first issue as to the termination compensation.

In Appellant's second issue, Appellant argues that the trial court erred by denying his motion for summary judgment. Appellant argues that he was entitled to judgment under Texas Rule of Civil Procedure 54 because he specifically pleaded that all conditions precedent to recovery were performed or had occurred.

If a contract contains conditions precedent, a plaintiff seeking recovery for breach of that contract must prove satisfaction of the conditions precedent.[19]

---

[18] *See Southland Corp.*, 940 S.W.2d at 85; *Souder*, 235 S.W.3d at 851.

[19] *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 283 (Tex. 1998) ("A party seeking to recover under a contract bears the burden of proving that all conditions precedent have been satisfied."); *see also Grimm v. Grimm*, 864 S.W.2d 160, 161-62 (Tex. App.—Houston [14th Dist.] 1993, no writ).

If a plaintiff pleads generally that all conditions precedent have been met, then at trial the plaintiff must establish satisfaction of only those conditions specifically denied by the defendant.[20]

Appellant contends that Appellee did not specifically deny noncompliance with conditions precedent to his recovery, and therefore he was entitled to judgment. But resolution of both of Appellant's claims for damages—the compensation bonus and the termination compensation—depended on interpretation of the contract language and on the date of his termination notice. Both parties submitted evidence relevant to the determination of when notice was given and what effect the notice had on Appellee's obligations under the contract, and Appellant did not object to the introduction of Appellee's evidence on the ground that it was not supported by Appellee's answer.[21] And Appellant admits in his reply brief that Appellee had the right to introduce evidence to show that conditions precedent had not been met. Appellee introduced evidence that termination notice was given and when that notice was given. Thus, Appellee's failure to specifically deny Appellee's satisfaction of conditions

---

[20] *Grimm*, 864 S.W.2d at 161-62 ("If a plaintiff pleads generally the performance or occurrence of conditions precedent, the plaintiff need only prove performance of those conditions specifically denied by the defendant.").

[21] *See* TEX. R. APP. P. 33.1(a).

precedent did not establish Appellant's right to judgment.[22] We therefore reject Appellant's arguments with respect to conditions precedent to recovery under the contract.

Appellant also argues that he provided competent summary judgment evidence showing that he retained approval to provide services at the clinic. In the affidavit attached to Appellant's motion for summary judgment, he specifically avers that he did not fail to retain the approval of the clinic, Appellee, or the Veterans' Administration but says nothing about whether he failed to retain Health Net's approval. The only other evidence Appellant offered consisted of a copy of the Agreement; a copy of the termination letter from August 19, 2005; a copy of the termination letter of September 21, 2005; and an affidavit of his attorney as to the amount of attorney's fees. Because he did not introduce any evidence as to whether he retained Health Net's approval, he has not established as a matter of law that he was not terminated for cause. The trial court therefore did not err by not granting summary judgment for Appellant. We overrule Appellant's second issue.

---

[22] *See Broesche v. Jacobson*, 218 S.W.3d 267, 279 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) ("Although proof of performance of any conditions precedent is an essential element of a plaintiff's case, such proof does not relieve the plaintiff of the burden of proving the other elements of the claim.").

15

We do not reach Appellant's argument that if this court reverses the trial court's judgment and renders summary judgment in favor of Appellant, then he is entitled to attorney's fees.[23]

### CONCLUSION

Having sustained Appellant's first and fourth issues in part, we reverse the trial court's judgment as to the termination compensation and remand that claim for further proceedings. We affirm the remainder of the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL B:    LIVINGSTON, DAUPHINOT, and WALKER, JJ.

LIVINGSTON, J. concurs without opinion.

WALKER, J. dissents without opinion.

DELIVERED:  April 24, 2008

---

[23] *See* TEX. R. APP. P. 47.1.

16