# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00496-CV

**Ernest Wayne Hemenas and Debora Hemenas, Appellants**

**v.**

**Robert Caston and Carrie Jackson, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 05-340-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Ernest Wayne Hemenas and Debora Hemenas lost most of their personal property in a house fire that occurred on the property of appellees Robert Caston and Carrie Jackson. The Hemenas sued appellees for negligence, asserting that the fire was caused by a cigarette that Jackson had smoked, but did not extinguish before discarding. Appellees filed a no-evidence motion for summary judgment based on the absence of evidence that the fire was caused by the cigarette. The district court granted appellees' motion for summary judgment and entered a take nothing judgment in favor of appellees on all of the Hemenas' claims. We affirm the judgment of the district court.

In the early morning of August 1, 2003, a fire destroyed appellees' residence in Thrall, Texas. At the time of the fire, the Hemenas, a married couple who were friends of appellees Caston and his wife Jackson, were temporarily residing on appellees' property. The Hemenas, along

with some of their children from their previous marriages, were living primarily in a travel trailer parked on the north side of the house and connected to the house by electrical wiring and a water line. The fire destroyed appellees' house and its contents, as well as the Hemenas' travel trailer and their personal belongings on the property.

The night the fire occurred, appellees arrived home from work around 11 p.m. The Hemenas family was out of town, and appellees were the only ones at the house. Jackson stayed outside in the front yard (on the north side of the house) for 10 to 15 minutes, where she walked with one of her dogs and smoked a cigarette. When she had finished, as was her custom, she dropped the cigarette into a terra cotta pot without extinguishing it and went into the house for the night. The pot in which Jackson had dropped the cigarette was a clay pot partially filled with "kitty litter."[1] It was located on a ground-level "crane mat" consisting of oak boards laced together, which was beside four wooden steps leading up to a raised porch on the northeastern corner of the house. The steps were built by Caston, and were railroad ties treated with creosote.

Some time after 1 a.m., appellees were wakened by a neighbor banging on the door. When they got outside, they saw that the north side of the house and the travel trailer were on fire. The Thrall Volunteer Fire Department arrived on the scene and extinguished the fire, but not before the house and travel trailer were destroyed.

---

[1] The Hemenas asserted in their depositions that the pot was about 14 inches tall and over two-thirds full of kitty litter. In contrast, appellees asserted in their depositions that the pot was about 30 inches tall and half full of litter.

On April 18, 2005, the Hemenas sued appellees in district court for negligence, seeking recovery for the loss of their personal property destroyed by the fire. The Hemenas alleged in their lawsuit that Jackson's unextinguished cigarette was the cause of the fire.

Appellees filed a no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(i). Appellees also objected to the entirety of the Hemenas' expert's testimony offered in support of the Hemenas' response to appellees' motion for summary judgment. On April 23, 2008, the district court sustained appellees' objection, granted appellees' motion for summary judgment, and entered a take nothing judgment in favor of appellees on all of the Hemenas' claims. The Hemenas appeal.

The Hemenas contend that the district court erred in excluding the expert testimony of Scott Rogers, a certified fire investigator. Rogers was retained by the Hemenas to offer his opinions on the origin and cause of the fire.

We review the admissibility of expert testimony using the same standard in a summary judgment proceeding as at trial. *See United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997). A trial court has broad discretion in determining whether expert testimony is admissible, and its ruling is reviewed under an abuse-of-discretion standard. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 578 (Tex. 2006). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding legal principles. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). The proponent of expert testimony has the burden to show that the testimony is relevant to the issues in the case and is based on a reliable foundation. *See E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 556-57 (Tex. 1995). Scientific

3

evidence that is not grounded "in the methods and procedures of science" is no more than "subjective belief or unsupported speculation" and, therefore, is not reliable and not admissible. *See id.* at 557 (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993)).

Appellees contend that Rogers's testimony is unreliable and consists of mere speculation. Rogers reached the following conclusion regarding the cause of the fire:

> The location of the pot where Ms. Jackson disposed of her cigarette coupled with the burn patterns discussed above and the statements of the witnesses that confirm what the burn patterns show lead me to conclude that the fire most likely was caused by the un-extinguished cigarette. There is no evidence of any other ignition source for this fire.

An expert who is trying to find the cause of something should "carefully consider" alternative causes, as the failure to rule out other causes renders the expert's opinion little more than speculation. *Id.* at 559. Rogers based his conclusion regarding the fire's cause solely on the proximity of the pot to the fire's origin and the lack of evidence of another source. However, in his affidavit, Rogers admitted that he could not "definitively determine" the fire's cause due to his inability to visit the remains of the fire, since they no longer existed. Moreover, in his deposition, Rogers admitted that, not having seen the trailer, he had not been able to eliminate an electrical cause and, with the scene of the fire destroyed, there was no way to eliminate vandalism as another possible cause. Rogers ultimately stated that he "really can't determine" the cause of the fire, thereby acknowledging that his opinion in his affidavit is no more than speculation. We conclude that the district court did not abuse its discretion by excluding Rogers's testimony regarding the cause of the fire.

4

The Hemenas argue that, even if the exclusion of Rogers's expert testimony regarding the fire's cause was improper, it was error to exclude his expert testimony regarding the fire's origin. We need not determine whether the exclusion of such testimony was error, however, because we conclude that even were we to take such testimony into consideration, we would affirm the district court's grant of appellees' motion for summary judgment.

Appellees sought summary judgment based on their assertion that "there is absolutely no evidence that the fire was caused by an unextinguished cigarette." There is no dispute that without evidence of such causation, the Hemenas' negligence claims fail. The Hemenas contend that they submitted sufficient evidence to raise a genuine issue of material fact regarding whether Jackson's cigarette was the cause of the fire.

We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Under the Rule 166a(i)—or no-evidence—standard, after adequate time for discovery a defendant may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the plaintiff would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially a pre-trial directed verdict, and we apply the same legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). We review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* at 751. The granting of a no-evidence motion will be sustained when the evidence offered by the non-movant to prove a vital fact is no more than a mere scintilla. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla of evidence exists when the evidence as a

5

whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion. *King Ranch*, 118 S.W.3d at 751. The Hemenas were required to produce more than a scintilla of evidence that the fire was caused by Jackson's unextinguished cigarette.

There is evidence that the fire originated near the pot in which Jackson had dropped the unextinguished cigarette. Appellees testified that the front porch and travel trailer were on fire when they escaped from the house. The fire department's incident report states that when they arrived, the front porch and north end of the house were "fully involved." Caston testified that, according to the insurance claims adjuster, "it looked like it started around the front porch." Rogers testified that the photographs of the scene of the fire were the "most compelling" evidence of the fire's origin and that, based on those photographs, the origin was "off the front porch on or near the front steps."

Also, after the fire had been put out, Caston noticed that the clay pot was turned over and broken. In addition, appellees testified regarding a prior incident when a fire started in the front yard as a result of Jackson's discarding an unextinguished cigarette. According to Jackson, on a windy day she had tossed her cigarette on the ground, and according to Caston, a few minutes later he discovered the wooden steps, part of the crane mat, and some surrounding grass on fire. Caston was able to extinguish the fire without it spreading or the fire department being contacted.

The Hemenas contend that, taken together, this is some evidence that the cigarette was the cause of the August 1, 2003 fire. We disagree. While there is certainly evidence that the

cigarette is a possible cause, there is no evidence that it was the actual cause. *See Leatherwood Drilling Co. v. TXL Oil Corp.*, 379 S.W.2d 693, 697 (Tex. Civ. App.—Dallas 1964, writ ref'd n.r.e.) (finding no evidence that action caused fire where evidence only showed the action was a possible cause). Jackson testified that it was not windy the night of the fire and that she saw the cigarette fall into the clay pot. There is no evidence to the contrary. There is also no evidence of how the cigarette inside the pot caused a fire outside the pot. The previous fire that Caston had extinguished occurred before Jackson bought and began using the pot. Prior to the fire at issue, Jackson had been using the pot to deposit her cigarettes for six months without incident. Although the pot was observed to be broken after the fire, there is no evidence that it broke before the fire started (Caston surmised that the firemen broke it while fighting the fire).[2]

Moreover, the Hemenas produced no evidence to negate other possible causes of the fire that are equally consistent with the facts. The fire department's incident report identifies the "cause of fire" as "unknown." According to a newspaper article describing the fire, Jackson "was told by fire officials and insurance adjusters" that it could have been an electrical fire (there were electrical wires strung between the house and the travel trailer) or caused by an act of vandalism. Rogers, the Hemenas' expert, admitted that he could not rule out electrical issues or vandalism as possible causes, and that such causes could not be eliminated without using some "guesswork." We conclude that the Hemenas' evidence regarding whether the cigarette was the fire's cause does no more than create a mere surmise or suspicion.

---

[2] Even if we assumed the pot broke before the fire started or spread, there is no evidence that such breaking is traceable to appellees' negligence. For instance, a vandal or an animal could have knocked it over.

We recognize that Mr. Hemenas did testify that he was informed by a State Farm representative that the fire was caused by a cigarette. State Farm insured both appellees' house and the Hemenas' travel trailer, and Bob Schaffer was the insurance agent for both appellees and the Hemenas. According to Mr. Hemenas's testimony, Schaffer told him in August 2003 that the State Farm claims adjuster, Walter Lee, had said the cause of the fire was "unequivocally" a cigarette. However, we do not consider this testimony to create more than a scintilla of evidence as to this issue. First, appellees objected to the testimony as hearsay, and the Hemenas have not alleged any applicable hearsay exception. *See* Tex. R. Civ. P. 166a(f); *Southland Corp. v. Lewis*, 940 S.W.2d 83, 85 (Tex. 1997).[3] Second, the State Farm documents in the record provide no support for Schaffer's alleged statement. In the "activity log," Emma Griffin, a State Farm representative, described a recorded statement by Mr. Hemenas obtained on August 14, 2003, which included the assertion that "the State Farm agent told him that a cigarette started the fire." However, Lee's entries, which were made between August 2 and 12, make no mention of cigarettes or any other possible cause of the fire, and Griffin's entries provide that State Farm determined the fire department report calling the fire "an accident with unknown cause" was "sufficient for our investigation." Third, Scott Rogers, the Hemenas' own expert, testified that State Farm's claims adjusters—unlike a certified fire investigator—were not qualified to determine a fire's cause.

The Hemenas also contend that they are entitled to a presumption that the destroyed evidence on the property is supportive of their claims due to spoliation—the intentional destruction of evidence. A trial court has broad discretion to remedy spoliation. *See Trevino v. Ortega*,

---

[3] There is no direct testimony or other direct statement by Schaffer in the record.

8

969 S.W.2d 950, 953 (Tex. 1998). Before spoliation can be found, however, the opposing parties must establish that the non-producing parties had a duty to preserve the evidence in question. *See Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 722 (Tex. 2003). Such a duty arises only when the non-producing parties know, or reasonably should know, that there is a substantial chance that a claim will be filed and that evidence in their possession or control will be material and relevant to that claim. *See id.*

Within a month after the fire, appellees had the remaining structures on the property demolished and hauled off. Appellees received State Farm's prior approval, but did not ask the Hemenas to "make sure that they were okay" with the demolition. Rogers testified that if he had been able to visit the scene of the fire, he could have pinpointed the fire's origin "within a foot or two," and "definitively determine the cause of this fire."

However, there is no evidence that appellees knew or reasonably should have known prior to the demolition that there was a substantial chance that a claim would be filed against them. The Hemenas admitted that the house was "not salvageable" and "needed to be cleaned up at some point." Appellees and the Hemenas have remained friends after the fire, and the Hemenas had the opportunity to access the property and retrieve any remaining possessions. Appellees confirmed with State Farm that the scene of the fire did not need to be preserved, and the Hemenas had not requested otherwise. Rogers, the Hemenas' expert witness, testified that his only criticisms with respect to the investigation of the fire were against the fire department and State Farm, based on both organizations' failure to ensure that a certified fire investigator examined the scene. Appellees were aware that a State Farm claims analyst had been on the property and taken pictures.

9

There is no evidence that appellees knew, or reasonably should have known, that any additional examination should have taken place. With no evidence that appellees had a duty to preserve the scene of the fire and, therefore, no evidence of spoliation, we decline to apply the Hemenas' requested presumption that the destroyed evidence on the property is supportive of their claims.

The evidence offered by the Hemenas to prove that the fire was caused by Jackson's unextinguished cigarette is no more than a mere scintilla. We affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: February 11, 2010