**John Halladay GRIMM, Appellant,**

v.

**Patricia Ann GRIMM, Appellee.**

**No. B14–91–01085–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 14, 1993.

Harry Herzog, Houston, for appellant.

Keith Remels, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

John Halladay Grimm appeals from a judgment awarding actual damages and attorney's fees on appellee's cause of action for breach of a marital and property settlement agreement. Appellant limited his appeal to the issue of whether appellee pleaded and proved the occurrence of all conditions precedent to enforcement of the agreement. Appellant also filed a partial statement of facts containing the testimony of one witness and the objections to the charge. We affirm.

Appellee filed suit alleging breach of a marital and property settlement agreement signed by the parties on December 7, 1979. This agreement was incorporated by reference into the Decree of Divorce entered on December 10, 1979.[1] Specifically, appellee claimed that appellant had breached the agreement by refusing to pay the costs of defending appellee against a deficiency in federal income tax liability for the years 1974, and 1977–79. Appellee also claimed that appellant did not pay the tax deficiency for those years as assessed by the Internal Revenue Service, and for 1979 as determined by the United States Tax court. Appellee alleged that these deficiencies amounted to more than $650,000.00.

Trial was to a jury. Because appellant has brought forward only the testimony of one witness, we are unable to elaborate on the testimony presented at trial. Following the conclusion of evidence, the jury found that appellant had failed to comply with the agreement regarding tax liability, and awarded appellee $385,411.94 in actual damages and $23,359.06 in attorney's fees. The trial court entered judgment on the verdict.

■ In his first point of error, appellant contends the trial court erred in granting judgment for appellee since the appellee failed to plead that the conditions precedent to enforcement of the marital and property settlement agreement had been met. The agreement contained the following clause:

*Enforceability and Consideration*

1.01. *If the contemplated divorce is not granted on Monday, December 10, 1979,* this Agreement shall be null and void and of no further force and effect. *If the contemplated divorce is granted on such date and this Agreement is approved by the court,* then this Agreement shall survive the action for divorce and decree of divorce and shall forever be binding and conclusive on the Parties, and independent legal action may be brought to enforce the terms of the Agreement by either Husband or Wife until it shall have been fully satisfied and performed. [emphasis added].

Appellant argues that the italicized portions constitute two conditions precedent to enforceability of the agreement. These conditions are: (1) that the contemplated divorce be granted on December 10, 1979; and (2) that the agreement be approved by the court. Appellant maintains that since appellee failed to allege in her petition that all conditions precedent to performance had been met, it was error to enter judgment in her favor.

■ If a contract contains conditions precedent, there must be some allegation by the plaintiff that the conditions have been met. *See Texas Int'l Airlines v. Wits Air Freight,* 608 S.W.2d 828, 831 (Tex.Civ.App.—Dallas 1980, no writ). Performance of any condition precedent is an essential element of the plaintiff's case. *Trevino v. Allstate Ins. Co.,* 651 S.W.2d 8, 11 (Tex.App.—Dallas 1983,

---

1. In oral argument, appellant claimed that the divorce decree, incorporating the marital and property settlement agreement, was not attached to appellee's first amended original petition.

The transcript, however, contains appellee's amended petition, referencing the decree and the agreement attached as exhibits, and the two exhibits are attached.

writ ref'd n.r.e.). Under Rule 54, if a plaintiff pleads generally the performance or occurrence of conditions precedent, the plaintiff need only prove performance of those conditions specifically denied by the defendant. TEX.R.CIV.P. 54. However, if a plaintiff fails to plead performance of the conditions precedent, she may nevertheless obtain judgment on her cause of action if she meets her burden of proving all essential elements of the cause, including the performance of any conditions precedent. *Cf. Trevino,* 651 S.W.2d at 12.

Appellee's amended petition does include attachments which clearly reveal that the conditions precedent to performance were met. The conditions precedent are found in the marital and property settlement agreement, which is attached as exhibit "B" to the petition. The divorce decree, attached as exhibit "A" to the petition, shows compliance with those conditions because the date of entry of the decree is December 10, 1979, and the decree approves the agreement in the following statement:

> IT IS DECREED that the agreement of Petitioner and Respondent for the division of their estate be and is approved and incorporated into this decree by reference as if it were recited herein verbatim.

Furthermore, appellant answered by general denial and did not allege failure of consideration or that conditions precedent had not been met.

We hold that the documents attached to the petition were part of the pleading and also established the conditions precedent. The attached divorce decree shows that the decree was granted and entered on December 10, 1979, and it further shows that the agreement of the parties was approved and incorporated into the divorce decree. Appellant argues that the failure to *plead* the occurrence of conditions precedent to performance is fundamental error, and that proof of the occurrence of the conditions absent any pleading is insufficient to support the judgment. No case law supports appellant's assertion [2] and we find no merit to this argument. Appellant also questions whether the divorce decree entered on December 10, 1979 was the one "contemplated." We note there is no allegation or proof that more than one divorce was "contemplated" by the parties, or that more than one "agreement" was executed by the parties.

■ To determine whether appellee proved the occurrence of the two conditions precedent, we look to the statement of facts. This resolves appellant's second and third points of error, in which appellant claims the trial court erred in granting judgment for appellee because there was no evidence, or insufficient evidence, of compliance with the conditions precedent to performance of the agreement. Appellant, however, has brought forward a limited record. The statement of facts contains only the testimony of one witness and the objections to the jury charge. More than one person testified at trial; therefore, there was testimony and evidence presented to the court and jury that is not a part of the record on appeal. We have no way of knowing the nature or content of the excluded testimony, therefore, we cannot say it is insufficient.

The Texas Supreme Court has held that when an appellant challenges the legal or factual sufficiency of the evidence supporting a trial court finding, the appellant cannot discharge his burden of showing error in the absence of a complete or an agreed statement of facts. *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968). Rule 50(d) of the Texas Rules of Appellate Procedure places the burden on the appellant to present a sufficient record to show error on appeal. TEX.R.APP.P. 50(d).

Appellant claims the limited record is sufficient because: (1) his motion to file a limited statement of facts complies with Rule 53(d) entitling him to a presumption that nothing omitted from the record is relevant to dispo-

---

2. Appellant cites three cases in support of his assertion that failure to plead occurrence of the conditions precedent is fatal: *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979); *Texas Int'l Airlines v. Wits Air Freight,* 608 S.W.2d 828 (Tex. Civ.App.—Dallas 1980, no writ); and *Great*

*Southwest Life Ins. Co. v. Camp,* 464 S.W.2d 702 (Tex.Civ.App.—Fort Worth 1971, no writ). None of these cases hold that absence of pleading of compliance with conditions precedent, even when there is trial by consent, requires reversal.

sition of the appeal; (2) the testimony in the limited statement of facts is the only evidence appellee claimed was proof of the occurrence of the conditions; and (3) appellee could have brought forward any other portions of the record that established the occurrence of the conditions. We find no merit to any of appellant's arguments.

The presumption afforded by compliance with Rule 53(d) only means that providing a partial statement of facts does not automatically defeat appellant's point of error; it does not provide that anything appellant omits can be presumed to sustain appellant's point of error. *Galvin v. Gulf Oil Corp.*, 759 S.W.2d 167, 172 (Tex.App.—Dallas 1988, writ denied). The burden of showing reversible error is on appellant as the complaining party. TEX.R.APP.P. 81(b)(1). If appellant wishes to show that there was no evidence or insufficient evidence of compliance with the conditions precedent, he must present the entire record. *Englander*, 428 S.W.2d at 807. If we were to require appellee to present additional portions of the record, we would be shifting the burden of proof on appeal to appellee. *See Galvin*, 759 S.W.2d at 173.

Because appellant has not brought forth a complete record, appellant has not presented a sufficient record to show error by the trial court. We overrule all points of error.

We affirm the trial court's judgment.