**Marion Don UNDERWOOD, Appellant,**

v.

**Deborah Lynn UNDERWOOD, Appellee.**

**No. 01–94–01002–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 1995.

Jim Parish, Houston, for appellant.

Robert D. Clements, Jr., Alvin, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

## OPINION

OLIVER–PARROTT, Chief Judge.

This is an appeal from a judgment rendered on a Motion to Modify in Suit Affecting the Parent–Child Relationship and Original Petition for Breach of Contract. The trial court granted the motion to modify and entered a judgment awarding the appellee, Deborah Lynn Underwood, $19,770 in medical expenses and $19,987 in attorneys fees. The appellant, Marion Don Underwood, raises four points of error on appeal. We affirm.

### Procedural history and background facts

The parties were divorced on September 23, 1991, in the 308th District Court of Harris County. The divorce decree designated Deborah as the managing conservator and Marion as the possessory conservator. Marion was also ordered to pay child support and to provide medical insurance for the children.

On November 24, 1992, Deborah filed a motion to modify the divorce decree, a motion for enforcement of a prior order, and an original petition for breach of contract. The motion to modify alleged that Marion had violated the terms of the final divorce decree by not maintaining health insurance for the children of the marriage and by not paying half of the health care costs of the children. The motion requested increased child support and requested that Marion be ordered to provide health insurance and "pay 100% of all health care costs ... that are denied because of [Marion's] failure to provide health insurance as ordered in the Final Decree of Divorce."

Deborah also filed a motion to transfer the cause to Brazoria County, where she and the children live. Marion did not respond to the motion to transfer, and on January 25, 1993, the 308th District Court transferred the case to the 300th Judicial District Court of Brazoria County. The 300th District Court of Brazoria County then assigned the case to County Court at Law Number Two of Brazoria County (the trial court) for all trial and pre-trial proceedings. On May 9, 1994, Marion filed a plea in abatement challenging the jurisdiction of the trial court, which the trial court denied.

On May 16, 1994, the trial court held a hearing on the motion to modify, and on June 15, 1994, the trial court granted the motion. The court filed the following pertinent findings of fact and conclusions of law:

1. Marion violated the terms of the divorce decree by failing to provide medical insurance for Nickolas Don Underwood during a period when he was court-ordered to provide continuous medical insurance coverage for the children of the parties;

2. Marion lied about Nickolas' pre-existing condition, and insurance coverage for medical bills in the amount of $17,865.05 was later denied because of this misrepresentation;

3. Marion should pay Deborah 75% of "all the medical bills due and owing on Nickolas Don Underwood which will constitute that portion which should have been insured and his one-half of the uninsured [medical expenses]."

The court also found that Marion had purposely hidden his ownership interest and income from two business entities.

### First and second points of error

In his first and second points of error, Marion challenges the jurisdiction of County Court of Law Number Two. Marion's first point of error attacks the 300th District Court of Brazoria County's order assigning this case to the county court at law. Marion's second point of error challenges the county court at law's order overruling his plea in abatement. Because appellant's second point of error relies on the same legal and factual arguments as his first point of error, we address these claims together.

■ Statutory county courts in Brazoria County have concurrent jurisdiction with the district court over civil cases "in which the matter in controversy exceeds $500 but does not exceed $100,000, excluding interest, statutory damages and penalties, and attorney's fees and costs, as alleged on the face of the petition." TEX.GOV'T CODE ANN. § 25.0222(a)(1) (Vernon Supp.1995). Marion argues that because the pleadings in this case alleged damages of $150,000, the county court did not have jurisdiction over the case.

Marion overlooks the fact that the Government Code also gives statutory county courts jurisdiction over "family law cases and proceedings." TEX.GOV'T CODE ANN. § 25.0222(a)(3). The Government Code does not impose a monetary limit on the county court's jurisdiction over "family law cases and proceedings." A motion to modify child support provisions is clearly a "suit affecting parent-child relationship." *Leonard v. Paxson*, 654 S.W.2d 440, 441 (Tex.1983). Section 14.08(c)(2) of the Family Code gives the trial court authority to modify the previous decree providing for child support, and section 14.061(a) requires the court "to order that health insurance be provided for the child." TEX.FAM.CODE ANN. § 14.061(a) (Vernon Supp.1995). Section 14.06(d) provides that terms of the agreement set forth in the decree "may be enforced by all remedies available for enforcement of a judgment ... but are not enforceable as contract terms unless the agreement so provides." TEX.FAM.CODE ANN. § 14.06(d) (Vernon 1986).

"The fact that the divorce decree was contractual, and enforceable as a contract, does not preclude the trial court from modifying its terms." *Woodall v. Woodall*, 837 S.W.2d 856, 859–60 (Tex.App.—Houston [14th Dist.] 1992, no writ). Furthermore, this Court has held that "[i]f a party asks a court to modify a child support agreement that has been incorporated into a court order or decree ... the court has the authority to do so." *Giangrosso v. Crosley*, 840 S.W.2d 765, 768 (Tex.App.—Houston [1st Dist.] 1992, no writ).

■ Thus, even if the county court was without jurisdiction over the contract cause of action, the court did have jurisdiction, under the "family law cases and proceedings" clause of section 25.0222(a)(3), to modify the divorce decree and enforce the prior order of child support. *See Hawkins v. Anderson*, 672 S.W.2d 293, 296 (Tex.Civ.App.—Dallas 1984, no writ) (where damages sought in one cause of action were within court's jurisdiction, but damages sought in separate cause of action exceeded court's jurisdictional limit, it was proper to dismiss one cause of action while retaining the other); TEX.R.CIV.P. 49 ("Where there are several counts in the petition, and entire damages are given, the verdict or judgment ... shall be good, notwithstanding one or more of such counts may be defective.").

The trial court's order does not specifically state, and Marion did not request, additional findings specifying which cause or causes of action the court granted relief on. However, the order complies with TEX.FAM.CODE ANN. § 11.155(a) (Vernon Supp.1995), in that it contains the Social Security number and driver's licence number of Deborah and Marion. The order lists the names and addresses of the "children [that] are the subject of this suit." Under the heading "findings," the court states that "the requested modification is in the best interest of the child." Finally, the order modified Marion's periods of access and possession, modified Marion's child support obligations, and ordered "any employer of Marion ... to withhold from earnings" in order to secure Marion's compliance with the

modification order. After reviewing the order, we are of the opinion that the trial court's order was supportable based on Deborah's motion to modify, and that all relief was obtainable as part of a motion to modify.

Marion argues that because the order awarded Deborah more than 50% of the amounts due for Nickolas' medical expenses, the award "MUST fall within the Breach of Contract action which this Court had no jurisdiction to consider." However, as we discuss in more detail in Marion's third point of error, this argument is without merit.

Because the order is supportable on the basis of the motion to modify, we hold that the county court had jurisdiction to enter the order. We overrule Marion's first and second points of error.

### Third point of error

In his third point of error, Marion argues that the trial court erred in awarding 75% of all medical bills then due for treatment for Nickolas Underwood. Marion argues that this award exceeds the provisions of the divorce decree, which specified that Marion was liable for 50% of all health care expenses not paid by insurance. Because the order exceeded the terms of the divorce decree, Marion argues, the order must have been based on the breach of contract action and not the motion to modify. Marion also argues that before Deborah could recover on her breach of contract action, she had to pay the expenses.

■ We find this point of error without merit for several reasons. First, it is unsupported by any authority. Marion cites one case, *Grimm v. Grimm*, 864 S.W.2d 160 (Tex. App.—Houston [14th Dist.] 1993, no writ), for the proposition that paying the debts to the medical providers is "an essential element" of Deborah's breach of contract action. However, *Grimm* does not support or even address Marion's contention. *Grimm* stands for the proposition that when a contract contains conditions precedent, it is the plaintiff's burden to show that the conditions have been met. *Id.* at 161. Marion does not allege that payment to the medical providers was a condition precedent to Deborah's cause of action.

Second, Marion has misrepresented the trial court's order. The order requires Marion to pay 75% of "all the medical bills due and owing on Nickolas Don Underwood *(which would constitute that portion of the medical expenses that would have been paid had medical insurance been provided )* ..." (Emphasis added.) The trial court entered specific findings that Marion violated the terms of the divorce decree by lying about Nickolas' pre-existing condition, and that coverage for over $17,000 in medical bills was denied because of Marion's misrepresentation. Marion does not challenge these findings.

■ Finally, even if we were to agree with Marion's unsupported argument that the trial court's order exceeded the terms of the divorce decree, we would be unable to agree that this fact would require reversal. Indeed, to the extent that the order exceeded the terms of the divorce decree, it had to have been based on the *motion to modify*, not the contract action. The very purpose of a motion to modify is, obviously, to *modify*. Marion does not challenge the sufficiency of the evidence supporting the order granting modification.

We overrule Marion's third point of error.

### Fourth point of error

■ In his fourth point of error, Marion argues that the trial court "erred in awarding attorneys' fees relative to the petition for Breach of Contract since that case should not have been before the Court." Marion points to the following testimony from Deborah's attorney relating to services rendered: "[T]he fee for related just to the breach of contract would be in my opinion and based on my professional opinion, would be $11,987.50." However, the portion of the order dealing with attorneys' fees states that "Deborah ... has incurred reasonable and necessary fees for services *in connection with the conservatorship and support of the children.*" (Emphasis added.) Thus, although Deborah's attorney referred to fees arising from the "breach of contract," the actual order was based on the fact that the suit modified the conservatorship and support

provisions. We overrule appellant's fourth point of error.

We affirm the judgment of the trial court.