**Affirmed in Part, Reversed in Part, and Memorandum Opinion filed May 27, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00706-CV

---

### FRANCI NEELY, Appellant

### V.

### ISAIAH DERRICK ALLEN AND KELYN ANJA ALLEN, INDIVIDUALLY AND AS NEXT FRIEND OF A.R.A., Appellees

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2019-18862**

---

### MEMORANDUM OPINION

After an altercation during a photoshoot for their one-year-old daughter, appellees Isaiah Derrick Allen and Kelyn Anja Allen, individually and as next friend of daughter A.R.A., sued appellant Franci Neely, asserting claims for assault,[1] negligence, gross negligence, negligent misrepresentation, conversion,

---

[1] While the Allens characterize this claim as one for "assault and battery," battery is no longer recognized as a separate tort in Texas. "Historically, assault and battery were two separate

intentional infliction of emotional-distress, and bystander liability. Neely filed a motion to dismiss all the Allens' claims under the Texas Citizens Participation Act (TCPA).[2]

In issue one, Neely appeals the denial of her TCPA motion by operation of law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (interlocutory appeal of denial of TCPA motion to dismiss). Concluding the trial court erred by denying Neely's motion to dismiss the Allens' negligent-misrepresentation claim, we reverse the trial court's order as to that claim. We otherwise affirm the trial court's order denying Neely's TCPA motion.

Neely also filed a counterclaim for defamation, which the Allens moved to dismiss under the TCPA. In issue two, Neely argues that the trial court's order granting that motion was untimely and therefore void. Having already addressed and disposed of this argument in a related mandamus proceeding,[3] we overrule issue two as moot.

---

torts, but today the terms are used together or interchangeably to refer to conduct defined as 'assault' in the Penal Code." Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges: *General Negligence, Intentional Personal Torts & Workers' Compensation* PJC 6.6 cmt. (2018); *see* Tex. Penal Code Ann. § 22.01; *see also, e.g.*, *Wal-Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 522 (Tex. App.—San Antonio 1996, writ denied); *Childers v. A.S.*, 909 S.W.2d 282, 292 (Tex. App.—Fort Worth 1995, writ denied).

[2] All citations to "TCPA" in this opinion are to the version in effect before the September 2019 amendments became effective. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961–64 (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011), *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499, 2499–500 (the version at issue in this opinion); *see also* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 Tex. Gen. Laws 684, 684–87 (amending TCPA and providing that suit filed before amendments become effective "is governed by the law in effect immediately before that date"). The Allens' lawsuit was filed in March 2019. When referring to the current law, we cite to the relevant section of the Civil Practice and Remedies Code.

[3] *See In re Neely*, No. 14-19-01018-CV, 2020 WL 1434569 (Tex. App.—Houston [14th Dist.] Mar. 24, 2020, no pet.) (mem. op.).

## I.  BACKGROUND

Isaiah and Kelyn Allen were having professional photographs taken of their daughter, A.R.A., on an esplanade in what the Allens describe as the North Boulevard area of Houston and Neely describes as the Broadacres subdivision. An altercation ensued when Neely, a resident of the subdivision, approached the Allens and told them that they needed to leave because the esplanade was private property. The parties dispute each other's actions during the altercation. The Allens sued Neely for assault, negligence, gross negligence, negligent misrepresentation, conversion, intentional infliction of emotional distress, and bystander liability. Neely filed a counterclaim for defamation, asserting that the Allens called her "racist" and reported false accounts of the incident.

On May 29, 2019, the Allens filed a TCPA motion to dismiss Neely's counterclaim, and, on June 5, 2019, Neely filed a TCPA motion to dismiss the Allens' claims. The trial court held a hearing on the motions to dismiss on July 19, 2019, but did not rule on the motions at that time.

On August 24, 2019, more than 30 days after the hearing, the trial court signed an order (1) granting the Allens' motion to dismiss Neely's defamation counterclaim with prejudice; (2) granting Neely's motion to dismiss in part as to the Allens' claims for negligence, gross negligence, negligent misrepresentation, conversion, and intentional infliction of emotional distress with prejudice; and (3) denying Neely's motion to dismiss as to the Allens' assault and bystander claims.

## II.  TCPA FRAMEWORK

The purpose of the TCPA is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits.

3

Tex. Civ. Prac. & Rem. Code Ann. § 27.002. The TCPA contemplates an expedited-dismissal procedure when a "legal action" is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." TCPA § 27.003(a). "To effectuate the statute's purpose, the legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). In the first step, the party filing a motion to dismiss under the TCPA bears the burden to show by a "preponderance of the evidence" that the "legal action" is "based on, relates to, or is in response to," as relevant to this appeal, the party's exercise of the right of free speech. TCPA § 27.005(b). If the movant satisfies this burden, the trial court must dismiss the lawsuit unless an exemption applies or unless the nonmovant "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

In construing the TCPA and determining its applicability, we review statutory construction issues de novo. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). Similarly, whether the parties have met their respective burdens is a question of law that we review de novo. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). Under the de novo standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Fawcett v. Grosu*, 498 S.W.3d 650, 656 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (quotation omitted).

### III. PROCEDURAL ISSUES

We first address several procedural issues affecting the scope and nature of our review, specifically: (A) what order of the trial court is properly before us;

(B) whether and to what extent the Allens have waived issues or arguments on appeal; and (C) whether certain evidence in the record is not properly before us because it was untimely filed.

## A.     Trial court's order

As a threshold matter, the parties disagree as to what action of the trial court is properly before this court. Neely argues that the parties' TCPA motions were denied by operation of law when the trial court did not rule within 30 days of the July 19, 2019 hearing on the parties' competing TCPA motions. TCPA § 27.005(a); *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a). Neely further argues that the trial court's order of August 24, 2019, which was outside of the statutory deadline by several days, is void.

The Allens argue that the trial court's August 24, 2019 order is not void and should form the basis of our review. The Allens argue that the trial court did not conclude the hearing on the hearing date, but rather continued to accept submissions from the parties after the hearing date, in effect continuing the hearing. Based on this, the Allens argue the trial court's August 24, 2019 order was timely and should serve as the basis for this appeal.

In a related mandamus proceeding filed by Neely, this court addressed these arguments in deciding whether the trial court's August 24, 2019 order must be set aside as void with regard to its granting of the Allens' motion to dismiss Neely's counterclaim. Agreeing with Neely that the hearing concluded on July 19, 2019, and that the trial court's August 24, 2019 order was therefore void, we directed the trial court to set aside its August 24 order to the extent that it granted the Allens' motion to dismiss. We reasoned:

> There is nothing in the record to establish that the trial court extended the hearing after July 19, 2019, or recessed and reconvened the

5

hearing at a later date. Indeed, there is no date in the record showing the specific date the hearing concluded other than the July 19, 2019 hearing, setting the 30-day deadline.

Therefore, we conclude that the trial court abused its discretion by granting the Allens' motion to dismiss more than 30 days after the hearing on the motion, and the August 24, 2019 order purporting to grant the motion to dismiss is void.

*In re Neely*, No. 14-19-01018-CV, 2020 WL 1434569, at *4 (Tex. App.—Houston [14th Dist.] Mar. 24, 2020, no pet.) (mem. op.). In reaching this conclusion, we relied on this court's precedent in *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, in which we determined that a trial court cannot rule on a TCPA motion after the motion has been denied by operation of law, and that any orders entered after expiration of the statutory deadline to rule are void. 407 S.W.3d 398, 401–02 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

For the reasons stated in *In re Neely* and *Direct Commercial Funding*, we conclude that the trial court's August 24, 2019 order is void in all respects. This affects our analysis in two ways. First, the subject of our review of Neely's issue one challenging the trial court's order as to her TCPA motion is the denial by operation of law of Neely's motion in its entirety, not the trial court's August 24, 2019 order granting Neely's motion in part and denying it in part. Second, our conclusion disposes of Neely's issue two, in which she challenges the trial court's granting of the Allens' TCPA motion. Because the trial court has set aside its order granting the Allens' TCPA motion, we overrule Neely's issue two as moot.

**B.    Waiver**

We next address two issues of waiver raised by Neely.

**1.    Waiver in the trial court**

Neely first argues that the Allens waived any argument regarding the

applicability of the TCPA to their claims by conceding in the trial court that the TCPA applies. Neely points to the following portion of the hearing transcript:

> [THE COURT:] Let's go back to—let's go to Defendant's Motion to Dismiss. Let me just ask the Plaintiffs:
>
> Do you believe that TCPA applies to your claims that you have raised and made against the Defendants?
>
> The first thing you have to prove is whether or not the TCPA is even applicable. Do you believe that it is under these circumstances that it is applicable such that the burden shifts to you to provide clear and specific evidence on each claim that you are making?
>
> [PLAINTIFFS' COUNSEL]: Yes. Yes.
>
> THE COURT: So, we have foregone that part.

In evaluating TCPA claims, the movant bears the initial burden to prove by a preponderance of the evidence that the TCPA applies. TCPA § 27.005(b). Neely claims that the above exchange relieved her of that burden and precludes the Allens from arguing on appeal that the TCPA does not apply to their claims.

Several factors weigh against concluding that the above exchange bars this court from considering whether Neely met her burden to show that the TCPA applies to the Allens' claims. First, the trial court's question was based in part on a misstatement, given that the trial court said to the Allens' counsel, "The first thing you have to prove is whether or not the TCPA is even applicable." The Allens, as nonmovants, bore no such burden; rather, it was Neely who bore the burden to prove that the TCPA applied to the Allens' claims. Moreover, shortly before the exchange, the court had been addressing the Allens' own TCPA motion, on which the Allens did bear the burden of showing the TCPA applied to Neely's defamation counterclaim. Given the potential for confusion inherent in the trial court's question, we are reluctant to hold that an otherwise unadorned response of "Yes" by the Allens' lawyer in the midst of a hearing limits the Allens' available

arguments on appeal.

Neely contends that her argument is supported by cases in which, in the summary-judgment context, the movant was barred from presenting arguments on appeal that it did not make in the trial court. With regard to Neely's TCPA motion, however, the Allens were the nonmovants in the trial court and are the appellees in this court, and accordingly bear no burden with regard to the issue of whether the TCPA applies to their claims. *See* TCPA § 27.005(b) (movant's burden to show applicability of TCPA); *see also Grimm v. Grimm*, 864 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("The burden of showing reversible error is on appellant as the complaining party.").

Moreover, the supreme court has instructed courts to take a broad view of error preservation in TCPA cases due to the statute's "unique language." *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018). Specifically, in the TCPA context, "[r]ules of error preservation should not be applied so strictly as to unduly restrain appellate courts from reaching the merits of a case." *Id.* at 896. The high court explained:

> Moreover, the unique language of the TCPA directs courts to decide its applicability based on a holistic review of the pleadings. Section 26.006(a) provides that when considering a TCPA motion to dismiss, the court "*shall* consider the pleadings and supporting and opposing affidavits." In TCPA appeals, we have decided whether communications are matters of public concern under a de novo standard of review, suggesting that the determination is one of law. We have not previously cabined our TCPA analysis to the precise legal arguments or record references a moving party made to the trial court regarding the TCPA's applicability. Our focus instead has been on the pleadings and on whether, as a matter of law, they are based on or relate to a matter of public concern.

*Id.* at 897. Notably, *Adams* involved arguments made by a movant in the trial court

8

(who was also an appellant on appeal) who bore the burden to prove by a preponderance of the evidence the TCPA applied, unlike the Allens here. *See id.* at 896. If, in such circumstances, we are to apply a less-than-strict application of the rules of error preservation, this directive would seem to apply all the more to arguments made by a nonmovant in the trial court who is the appellee on appeal, as the Allens are here, and who does not bear any burden at the first step of the TCPA analysis in either role.

Two decisions from the El Paso Court of Appeals interpreting *Adams* further support our conclusion. In *Dunbar v. RubyAnne Designs, LLC*, our sister court held that a party's written admission in the trial court conceding that the TCPA applied was not binding on appeal because the party had made general representations at the TCPA hearing that the TCPA did not apply. *See* No. 08-19-00251-CV, 2020 WL 8484725, at *3–4 (Tex. App.—El Paso Aug. 31, 2020, pet. denied) (mem. op.). Here, there was no written representation conceding applicability in the trial court. In addition, the Allens argued both orally and in writing that Neely's TCPA motion sought dismissal of the Allens' own TCPA motion, which the TCPA does not allow. *See Paulsen v. Yarrell*, 537 S.W.3d 224, 231–34 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (TCPA does not allow party to file TCPA motion seeking dismissal of other party's TCPA motion). While clearly incorrect— Neely's TCPA motion attacks the Allens' pleadings, not their TCPA motion—the Allens' argument is, broadly speaking, an argument about TCPA applicability. *See Dunbar*, 2020 WL 8484725, at *3–4; *see also Adams*, 547 S.W.3d at 896–97 (citing *Greene v. Farmers Ins. Exchange*, 446 S.W.3d 761, 764 n.4 (Tex. 2014) ("We do not consider *issues* that were not raised in the courts below, but parties are free to construct new *arguments* in support of issues properly before the Court.")).

The El Paso Court of Appeals also examined *Adams* in *Pacheco v.*

9

*Rodriguez.* 600 S.W.3d 401, 406–07 (Tex. App.—El Paso 2020, no pet.). Noting that the supreme court had emphasized that a trial court considering a TCPA motion "*shall* consider the pleadings and supporting and opposing affidavits," the court concluded that this analysis "suggests an independent duty on the court to look beyond the parties' arguments to the pleadings and affidavits before it, to determine if the predicates for the TCPA are met." *Id.* While noting that the analysis in *Adams* sits uncomfortably alongside our procedural rules, the court nonetheless determined that, if the statute imposed an independent duty on the trial court to evaluate TCPA applicability regardless of the arguments (or lack thereof) by the nonmovant, the appellate court must review the issue as well. *Id.* Accordingly, that court reviewed the applicability of the TCPA despite the fact it was not argued at all by the nonmovant/appellee, reasoning that "the unique aspect of the TCPA convinces us that we must, as part of our de novo review, be satisfied that the movant has met the initial burden under the statute to show the disputed claim is based on, relates to, or is in response to the exercise of free speech, petition, or associational rights." *Id.*[4]

For all of these reasons, we likewise conclude that as part of our de novo

---

[4] Neely cites to this court's decision in *Steinhaus v. Beachside Environmental, LLC*, in support of her argument that the Allens waived their argument that the TCPA does not apply to their claims. 590 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). In *Steinhaus*, however, we simply stated that the nonmovant had conceded on appeal "that its claims are governed by the TCPA because appellants' statements were made in connection with their exercise of the right to petition." *Id. Steinhaus* is distinguishable as it does not involve the effect of representations made in the trial court. *See id.* Moreover, we note that our opinion did not contain any further analysis of the issue, and particularly no analysis that would extend to the facts of this case. *Cf. In re Kholaif*, No. 14-20-00731-CV, 2020 WL 7013339, at *2 (Tex. App.—Houston [14th Dist.] Nov. 25, 2020, no pet.) (distinguishing "precedent [from] a mere statement of the action taken by the court") (citing *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399–400 (1821) (Marshall, C.J.) ("It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision.")).

review of this case, we must determine whether Neely met her burden to prove by a preponderance of the evidence that the TCPA applies to the Allens' claims.

## 2. Waiver on appeal

Neely next argues that the Allens concede on appeal that the trial court should have dismissed a number of their claims, and that we should therefore reverse the trial court's order as to those claims. We disagree. When parties reach an agreement as to the disposition of certain claims, Texas Rule of Appellate Procedure 42.1 provides a mechanism for effecting that agreement:

> By Agreement. In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, the court may:
>
> (A) render judgment effectuating the parties' agreement;
>
> (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or
>
> (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement.

Tex. R. App. P. 42.1(a)(2). The parties, however, have not followed these procedures in this case. Rather, Neely asks us, based on the briefing in this case, to hold the trial court committed reversible error as to certain claims without reviewing the record to determine if that is, in fact, the case. The Texas Rules of Appellate Procedure do not allow that. The notes to Rule 42.1 state that the rule "does not permit an appellate court to order a new trial merely on the agreement of the parties absent reversible error, or to vacate a trial court's judgment absent reversible error or a settlement." Tex. R. App. P. 42.1 revisor's cmt. (2002). Accordingly, we decline to hold that the trial court committed reversible error as to any claims without conducting our own review and analysis.[5]

---

[5] While Neely again cites our decision in *Steinhaus*, we again determine it is

11

## C.     Evidence

We next address Neely's argument regarding the evidence we should consider. The parties signed a Rule 11 agreement that was filed with the trial court, part of which stated that the Allens were to file any responses and affidavits challenging Neely's TCPA motion by June 24, 2019. *See* Tex. R. Civ. P. 11.[6] After this deadline, however, the Allens submitted amended affidavits, to which Neely objected on timeliness grounds.

The supreme court has addressed the issue of affidavits filed after a deadline imposed by a Rule 11 agreement. When such affidavits are filed late, and the opposing party seeks enforcement of the agreement in the trial court, neither the trial court nor the court of appeals shall consider the affidavits. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex. 1996). Accordingly, we will not consider the Allens' late-filed affidavits.

## IV.    ANALYSIS

In her TCPA motion, Neely seeks dismissal of the Allens' claims for assault, negligence, gross negligence, negligent misrepresentation, conversion, intentional infliction of emotional distress, and bystander liability. We begin with a review of the Allens' petition. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (explaining in TCPA motion-to-dismiss analysis, "[t]he basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations").

In their petition, the Allens include a paragraph of allegations that they

---

distinguishable, as it did not involve a purported agreement that the trial court committed reversible error. *See* 590 S.W.3d at 676.

[6] An agreement satisfies the requirements of Rule 11 if it is (1) in writing, (2) signed, and (3) filed with the papers as part of the record. Tex. R. Civ. P. 11.

12

incorporate into each of their claims. Specifically, the Allens allege that, on February 16, 2019, they were having a family photoshoot on a "public" trail in Houston, where other photoshoots were also taking place. During the photoshoot, Neely approached them "in an aggressive manner" and "demanded that Plaintiffs leave the property and accused them of trespassing on what Defendant falsely claimed was her private property to which she purchased the bricks." She then "began to destroy, convert and personally remove" props for the photoshoot. After leaving this initial altercation, Neely returned "and continued to verbally attack Plaintiffs in a more hostile, aggressive manner. She physically made a fist and escalated her conduct to intentionally, forcibly strike Plaintiff Isaiah Allen Jr, on his arm in a harmful and offensive manner." She also tried to take Isaiah's cell phone.

Neely argues that the allegations in the petition include communications regarding her exercise of her right of free speech. As defined by the TCPA, the exercise of the right of free speech includes communications "made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3). A "matter of public concern" includes an issue related to "environmental, economic, or community well-being." TCPA § 27.001(7)(B).

We agree that at least some of the allegations in the petition involve Neely's communications made in connection with "a matter of public concern." As the supreme court has succinctly explained, "The TCPA casts a wide net." *Adams*, 547 S.W.3d at 894. "The TCPA does not require that the statements specifically 'mention'" any of the listed matters of public concern, "nor does it require more than a 'tangential relationship'" to same. *Coleman*, 512 S.W.3d at 900.

In *Adams*, the supreme court determined that statements concerning a dispute over "the ownership and the landscaping of [a] neighborhood's common

13

area" were "matters of public concern." 547 S.W.3d at 895–96 ("The allegation that the HOA repeatedly violated the law in caring for land that is open to the public is a matter of public concern[.]"). Likewise, in this case we conclude that Neely's alleged statements that the esplanade where the Allens' photoshoot occurred, and where numerous other professional photoshoots were taking place, was private rather than public property is at least "tangentially related" to a "matter of public concern." *See id.* at 896.

We next consider whether each of the Allens' causes of action is "based on, relates to, or is in response to" Neely's exercise of her right of free speech. *See D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 442 (Tex. 2017) (each claim is "legal action" under TCPA analysis). If so, under the TCPA's two-step process, we consider whether the Allens presented clear and specific evidence of each element of the claim in question. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). We are to view the pleadings and evidence in the light most favorable to the nonmovant. *Brugger v. Swinford*, No. 14-16-00069-CV, 2016 WL 4444036, at *2 (Tex. App.—Houston [14th Dist.] Aug. 23, 2016, no pet.) (mem. op.); *see Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd) (under TCPA, courts "view the pleadings in the light most favorable to [plaintiff]; i.e., favoring the conclusion that her claims are not predicated on protected expression").

## A. Assault

In addition to incorporating the above allegations, the Allens' petition asserts the following allegations concerning assault:

> [Neely] acted intentionally, knowingly, or recklessly when she struck Plaintiff Isaiah Allen Jr. [Neely] made contact with the Plaintiff, Allen's person and the family's property. [Neely's] unconsented contact of striking his hand on several times attempting to take his

14

phone caused physical and mental injury to the Plaintiff Isaiah Allen Jr.

After this case was submitted, our court decided *Sanchez v. Striever*, in which we held "that the TCPA cannot reasonably be construed to protect assault as an exercise of the right of free speech." 614 S.W.3d 233, 246 (Tex. App.—Houston [14th Dist.] 2020, no pet.). In *Sanchez*, we explained, "The TCPA exists to safeguard constitutional rights, not to protect assaultive or criminal conduct under the guise of protest." *Id.* at 245. If a person's "protestive conduct devolves into that not permitted by law, he may not seek refuge in the TCPA when called to account for his actions in court." *Id.* (quotation omitted).

Neely contends that the assault arose out of the parties' "war of words," and accordingly relates to her protected communications about whether the trail was public or private. We disagree. The plain wording of the Allens' claims indicates that the basis for the assault claim is not related to anything Neely said to Isaiah, but rather on the allegation that she hit him. *See Brugger*, 2016 WL 4444036, at *2 (appellate court views pleadings and evidence in light most favorable to TCPA nonmovant). While Neely's alleged assault of Isaiah may have been an escalation of an interaction during which Neely made protected communications, her assaultive conduct was not itself a protected communication, nor did it sufficiently relate to any protected communication. *See* TCPA § 27.003(a). Rather, Neely's conduct "devolve[d] into that not permitted by law," and accordingly was not protected by the TCPA. *See Sanchez*, 614 S.W.3d at 245; *cf. Faust v. State*, 491 S.W.3d 733, 752 (Tex. Crim. App. 2015) (Johnson, J., concurring) ("The old adage that says that my right to swing my fists ends at your nose applies here. The persons at whom appellants directed their invective may be shouted down by appellants, but they may not be physically abused by appellants under a claim of First Amendment rights.").

15

Moreover, even if we were to conclude that the assault claim "related to" Neely's protected communications, at best Neely's argument would be that the assault claim related to a mix of protected and unprotected conduct, *i.e.*, both to her communications about the property (protected) and her assault of Isaiah (not protected). If a legal action relates to both protected and unprotected activity under the TCPA, the claim is subject to dismissal only to the extent that it is in response to the protected conduct, as opposed to being subject to dismissal in its entirety. *Navidea Biopharm., Inc. v. Capital Royalty Partners II*, No. 14-18-00740-CV, 2020 WL 5087826, at *4 (Tex. App.—Houston [14th Dist.] Aug. 28, 2020, pet. denied) (mem. op.). "More importantly, it is the defendant's responsibility to segregate the protected conduct from the unprotected; if it cannot, then its motion to dismiss should be denied." *W. Mktg., Inc. v. AEG Petroleum, LLC*, 616 S.W.3d 903, 911 (Tex. App.—Amarillo 2021), *modified on other grounds on reh'g*, No. 07-20-00093-CV, 2021 WL 1152904 (Tex. App.—Amarillo Mar. 18, 2021, no pet. h.); *see Navidea*, 2020 WL 5087826, at *4 (if TCPA movant "does not provide guidance as to how to determine which claims are in response to protected rather than unprotected conduct, and the courts are unable to identify a means to accomplish the task, . . . the trial court does not err by denying the motion"). Neely does not address how any protected communications implicated by the Allens' assault claim might be segregated from the assaultive conduct that our court has clearly stated falls outside the bounds of the TCPA.[7] *See Sanchez*, 614 S.W.3d at 245–46.

---

[7] In a post-briefing letter, Neely argues that our court's analysis of whether the TCPA applied to a conversion counterclaim in *Reeves v. Harbor America Central, Inc.* supports her position as to the Allens' assault claim. *See* No. 14-18-00594-CV, 2020 WL 2026527, at *7 (Tex. App.—Houston [14th Dist.] Apr. 28, 2020, pet. denied). *Reeves*, however, did not involve either an assault claim or a claim in which a mix of protected and unprotected conduct is implicated, and accordingly we conclude that decision does not apply here. *See id.*

We conclude that Neely has not met her burden to show that the Allens' claim for assault falls within the scope of the TCPA. Accordingly, the trial court did not err in denying Neely's TCPA motion as to that claim.

## B. Negligence, gross negligence, intentional infliction of emotional distress, bystander liability, and conversion

We reach a similar conclusion regarding the Allens' claims for negligence, gross negligence, intentional infliction of emotional distress, and bystander liability. While Neely argues that each of these claims "relates" to her exercise of protected speech, each also relates to the Allens' assault claims. The Allens assert that their claims for negligence and gross negligence are based on the following conduct: "a. Striking and injuring the Plaintiff [Isaiah Allen]; b. Harassing the minor child of Plaintiff; and c. Causing fear to the minor Plaintiff." The Allens claimed intentional infliction of emotional distress based, in part, on Neely's "conduct of barging over to [Isaiah] and slapping his arm." In her bystander claim, Kelyn claims she "witnessed the outrageous conduct of [Neely] slapping her husband [Isaiah]." While A.R.A.'s bystander claim does not use the term assault, it notes that A.R.A. is Isaiah's child and "was therefore closely related to the victim of the incident in question," which we read as referring to Neely's alleged assault of Isaiah given the focus on that act in the petition. *See Brugger*, 2016 WL 4444036, at *2 (appellate court views pleadings and evidence in light most favorable to TCPA nonmovant).

Neely argues that each of these claims is "related to" her exercise of free speech. Each of these causes of action is also based on Neely's alleged assault of Isaiah, conduct that our court has held falls outside the scope of the TCPA. *See Sanchez*, 614 S.W.3d at 245–46. Again, Neely's TCPA motion at best alleges a mix of protected and unprotected conduct, under which circumstances the trial

17

court does not err by denying the TCPA motion to dismiss. *See Navidea*, 2020 WL 5087826, at *4. Neely does not provide any guidance as to how we might segregate the allegations in these claims in order to dismiss them in part.[8] *See W. Mktg.*, 616 S.W.3d at 911 ("[I]t is the defendant's responsibility to segregate the protected conduct from the unprotected; if it cannot, then its motion to dismiss should be denied."). We conclude the trial court did not err by denying Neely's TCPA motion as to the Allens' claims for negligence, gross negligence, intentional infliction of emotional distress, and bystander liability.

We reach the same conclusion on the Allens' conversion claim. In addition to their generally incorporated allegations, the Allens allege:

> Plaintiff Isaiah Allen Jr. owned, possessed or had the right to immediate possession of the special props property. The property was personal property. The Defendant wrongfully exercised dominion or control over the property by moving, kicking and destroying the property ; and the plaintiffs property was destroyed can not [sic] be re-used. The mis- use of such property has caused plaintiffs distress and injury.

While Neely argues that the TCPA applies to this claim because the "gist" of the Allens' petition relates to her communications, again, the same could be said about her allegedly assaultive conduct. *See W. Mktg.*, 616 S.W.3d at 911 (TCPA motion should be denied when allegations containing both protected and unprotected conduct were incorporated into each claim). We conclude the trial court did not err by denying Neely's TCPA motion as to the Allens' conversion claim. *See id.*

---

[8] Specifically, Neely argues that the TCPA applies because "[t]he Allens' claims generally involve 'communications' within the scope of the TCPA on their face." Essentially, Neely argues that the Allens' claims are intertwined with Neely's exercise of free speech such that all of the claims fall under the TCPA's umbrella. Even if we were to agree with Neely's argument that each claim "generally involves" protected communications, each of the claims discussed above also, at minimum, "generally involves" Neely's allegedly assaultive conduct.

## C.    Negligent misrepresentation

In their claim for negligent misrepresentation, the Allens allege that Neely "made a [false] representation to the Plaintiff Isaiah Allen Jr. that the property was private property." This claim is directly based on Neely's protected communications about whether the trail was private or public property and does not implicate her assault of Isaiah. We conclude that Neely met her burden to show that the TCPA applies to this claim. The burden therefore shifts to the Allens to provide clear and specific evidence for each element of their negligent-misrepresentation claim. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

The first element of the negligent-misrepresentation cause of action is that the representation is made by a defendant in the course of her business, or in a transaction in which she has a pecuniary interest. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); *see* Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges: *General Negligence, Intentional Personal Torts & Workers' Compensation* PJC 105.196.6 & cmt. (2018). The Allens presented no evidence that Neely made any representation to them in the course of business or a business transaction. Accordingly, we conclude that the trial court erred by denying Neely's TCPA motion as to the Allens' negligent-misrepresentation claim.

We sustain issue one as to the Allens' negligent-misrepresentation claim. We overrule the remainder of issue one.

## V.    CONCLUSION

Having sustained issue one in part, we reverse the trial court's order denying Neely's TCPA motion to dismiss as to the Allens' negligent-misrepresentation claim. Having otherwise overruled issue one and overruled issue two as moot, we

affirm the remainder of the trial court's order as challenged on appeal.[9] We instruct the trial court to dismiss the Allens' negligent-misrepresentation claim with prejudice and conduct further proceedings.[10]


/s/    Charles A. Spain
Justice


Panel consists of Justices Zimmerer, Spain, and Hassan.

---

[9] In her reply brief, Neely also seeks sanctions against the Allens for representations in their appellees' brief. As this request was not made by motion under Texas Rule of Appellate Procedure 10, we do not consider it. *See* Tex. R. App. P. 10.1(a) ("Unless these rules prescribe another form, a party must apply by motion for an order or other relief.").

[10] *See D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 441–42 (Tex. 2017) (partially-successful TCPA movant entitled to reasonable attorney's fees under statute) (citing TCPA § 27.009(a)(1)).